FILED
2017 May-12  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW GREEN, Individually, and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No.  17-cv-_____** |
| **FLOWERS FOODS, INC., and FLOWERS BAKING CO. OF BIRMINGHAM, LLC,** | ) ) ) ) | **JURY DEMAND** |
| **Defendants.** | ) ) | |

## COMPLAINT

COMES NOW the Plaintiff, Matthew Green, (hereinafter "named Plaintiff") on behalf of himself and those similarly situated (collectively hereinafter "Plaintiffs"), and hereby complains as follows against the named Defendants:

## I.  NATURE OF THE ACTION

1.     This is an individual and Collective Action Complaint brought to obtain declaratory, injunctive, and monetary relief on behalf of the named Plaintiff and those similarly situated who operate(d) as fresh bakery product employees and/or were employees classified as "distributors" for Defendants, Flowers Foods Inc., and Flowers Baking Co. of Birmingham, LLC, (collectively hereinafter

1

"Flowers Defendants"), who Defendants either classify or classified as independent contractors or failed to pay overtime pay for hours worked in excess of 40 hours per week.  Named Plaintiff alleges violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seeks permanent injunctive relief, back wages, liquidated damages, and other damages for himself and those similarly situated.

2.     The Flowers Defendants employ individuals classified as "distributors" to deliver fresh baked goods to their customers (primarily grocery stores, mass retailers, and fast food chains).  In addition to delivering Flowers Foods' products to Defendants' customers, distributors stock the products on store shelves and assemble promotional displays designed and provided by Defendants.

3.     The FLSA collective group consists of all individuals who operate(d) as distributors for the Flowers Defendants, and are or were misclassified as independent contractors, working for the Defendant Flowers Baking Company of Birmingham, Inc., at any time during the applicable limitations period ("Distributors").  The Named Plaintiff, during applicable time periods is and/or was a member of this collective group and also brings individual claims as such.

4.     This action challenges both the classification of distributors as independent contractors and Defendants' denial to the named Plaintiff and those

similarly situated of the rights, obligations, privileges, and benefits owed to them as employees under the FLSA.

## II. PARTIES

5.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6.     Plaintiff Matthew Green is a resident of Madison County, Alabama, who worked as a Flowers Distributor in that state.  During the past three years he had been classified, at different times, as a distributor for the Flowers Defendants. He performed services to local retailers of bakery and snack food products manufactured or sold by Defendant Flowers.   Plaintiff operated out of a distribution center run by Defendant Flowers Baking Co. of Birmingham.  Plaintiff regularly worked in excess of fifty hours per week and did not receive overtime premium pay at any time during the class periods.

7.     Defendant Flowers Foods, Inc. (herein "Defendant Flowers Foods") is a Georgia corporation with its principal place of business located at 1919 Flowers Circle, Thomasville, Georgia 31757, and was Plaintiff's "employer" as that term is defined under the FLSA.   In the alternative, Defendant Flowers Foods was Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein.   Defendant Flowers Foods hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to grocery

stores and stocking the products on store shelves.  Defendant Flowers Foods employs distributors throughout the United States.  Defendant Flowers Foods may be served via its registered agent, Corporation Service Company, 40 Technology Pkwy S, Suite 300, Norcross, Georgia 30092.

8.     Defendant Flowers Baking Co. of Birmingham, LLC, is an Alabama corporation with its principal place of business located at 900 16th St N, Birmingham, Alabama 35203.  Defendant Flowers Baking Co. is a wholly owned subsidiary of Flowers Foods, Inc., and was Plaintiff's "employer" as that term is defined under the FLSA.  In the alternative, Defendant Flowers Baking Co. was Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein.  Defendant Flowers Baking Co. hires individuals whom it classifies as independent contractors, to deliver and stock bakery and snack food products from its Birmingham, Alabama, distribution center.  Defendant Flowers Baking Co. may be served via its registered agent, CSC Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

### III.  JURISDICTION AND VENUE

9.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

10.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

4

11.    Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

12.    Named Plaintiff brings this action on behalf of himself and the Collective Group.

## IV.  FLSA COLLECTIVE ACTION ALLEGATIONS

13.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14.    Named Plaintiff brings Cause of Action-Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals.  This Collective Group is defined as:

> all individuals who, through a contract with Defendants or otherwise, performed or perform as Distributors for Defendants under an agreement with Flowers Baking Co. of Birmingham and who were classified by Defendants as "independent contractors" (collectively "Covered Position") anywhere in the United States at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).

The Collective Group also includes the named Plaintiff in this action.  Plaintiff reserves the right to modify this definition prior to conditional certification of the collective group.

15.    The named Plaintiff, along with current and former employees of Defendants, in Covered Positions are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

16.    Defendants regularly permitted and required the named Plaintiff and members of the Collective Group to work more than 40 hours per week without overtime compensation.

17.    Upon information and belief, Defendants knew that the named Plaintiff and all similarly situated individuals performed work that required overtime pay.

18.    Defendants have therefore operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all time worked.

19.    Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to the named Plaintiff and all similarly situated individuals.

20.    Count I of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the named Plaintiff is similar to the claims of current and

former "independent contractors" who work and/or have worked for Defendants. Therefore, the named Plaintiff should be permitted to bring this action as a collective action and on behalf of himself and those similarly situated individuals pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

21.    Defendants are liable under the FLSA for failing to properly compensate the named Plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to all similarly situated individuals.  Those similarly situated individuals are known to Defendants and are readily identifiable though Defendants' payroll and other personnel records.

## V.  STATEMENT OF FACTS

22.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

23.    Defendant Flowers Foods is a corporation whose business consists of distributing bakery and snack food products to retail customers, using a centralized network of communication, distribution, and warehousing facilities integrating Collective Action members into that existing network of operations.   Upon information and belief, at least one of Defendant Flowers Foods' bakeries and several of its warehouses are operated by Defendant Flowers Baking Co. of Birmingham, LLC.

24.     Defendant Flowers Foods, by and through its subsidiaries such as Defendant Flowers Baking Co. of Birmingham, ships bakery and snack products to warehouses and Distributors.  As such, the named Plaintiff and members of the proposed Collective Group arrive at a warehouse early in the morning and load their vehicles with the Flowers Defendants' products.

25.     The distributors and employees then deliver the product to Defendants' retailer-customers at the time and place specified by Defendants.

26.     The distribution agreement between Defendants and its distributors (including the named Plaintiff) has no specific end date and can be terminated by either party at any time with limited notice.

27.     Defendant Flowers Foods markets it bakery and snack products to retailers such as Wal-Mart, Kroger, Target, Dollar General, and other grocery stores and mass merchants.  Defendant Flowers Foods negotiates with the retailers to set virtually all terms of the relationship including:

        a.     Wholesale and retail prices for products;

        b.     Service and delivery agreement;

        c.     Shelf space to display products;

        d.     Product selection;

        e.     Promotional pricing for products;

        f.     The right to display promotional materials;

8

g.      Print advertisements in retailers' newspaper ads; and

h.      Virtually every other term of the arrangement.

28.      In some cases, Defendant Flowers Foods negotiates and agrees with retailers and fast food restaurants to manufacture and distribute the retailer's store brand (or private label) bread products.

29.      Defendant Flowers Foods often negotiates the above terms for fresh-baked bread and snack products (which are distributed by the named Plaintiff and members of the proposed collective groups) at the same time as it negotiates terms for its shelf-stable snack products (which are not distributed by the named Plaintiff). The result is that the Distributors' job duties and ability to earn income is tied directly to the sale and promotion of products outside of their control.[1]

30.      The relationship between each member of the Collective Group and Defendants is essentially the same in all material respects.

31.      The named Plaintiff and members of the proposed Collective Group must strictly follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer customers.

---

[1] For example, Flowers Foods negotiated with a large retailer that it would manufacture the retailer's private label bread at a near zero profit margin in exchange for the retailer providing space for Flower's Foods' drop-shipped shelf-stable cake products. The result is that Flowers Foods profits off the sale of its shelf-stable products while passing the cost and expense of distributing its loss-leading private label bread to the named Plaintiff and members of the proposed collective group, all of whom have no right to reject the arrangement without losing their jobs.

32.     Distributors use Defendants' hand-held computer to log the delivery, and Defendants bill its customers using the data entered into the computer by the Distributors.  The terms of the sale are negotiated between Defendants and its retailer-customers, respectively.

33.     Distributors place Defendants' products on the retailer-customers' shelves, remove stale or rejected product, and organize the retailer-customers' display shelf.  If Defendants are running a sale or promotion, the Distributors also construct and stock the promotional display.  Defendants usually reimburse Distributors for up to eight percent of stale or rejected product.

34.     Defendants represented to the named Plaintiff and other Distributors that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

35.     Contrary to its representations, Defendants denied the named Plaintiff and other Distributors the benefits of ownership and entrepreneurial skill by retaining and exercising the following rights:

a.     The right to negotiate the wholesale price for the purchase and sale of products;

b.     The right to negotiate shelf space in the stores in the Distributors' territory;

10

c.     The right to negotiate the retail sale price for products;

d.     The right to establish all sales and promotions and to require Distributors to follow them;

e.     The right to change orders placed by Distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in the store, remove the product from the store, and return it to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of that product;

f.     The right to assign delivery stops to each Distributor in a particular order and require Distributors to get approval for flowing a different order;

g.     The right to discipline Distributors, up to and including termination, for reasons including hiring employees to run their routes, taking time off work, or refusing a specific order to deliver a product to a particular store at a particular time.

h.     The right to handle customer complaints against the Distributors and to take disciplinary action;

i.     The right to withhold pay for certain specified expenses;

j.     The right to unilaterally terminate the employment relationship;

11

k.     The right to unilaterally vary the standards, guidelines, and operating procedures; and

l.     Various other rights reserved by Defendants.

36.   The named Plaintiff and the Collective Group members were, or are, required to accept Defendants' conditions of employment or face termination.

37.   Defendants not only retained the rights listed above, but exercised the rights as well.

38.   In another example, Defendants routinely modify a Distributor's product orders to increase the amount of the order.  If a Distributor refuses the additional product, Defendants still bill the Distributor for the product and deduct the cost from the Distributor's wages.

39.   Defendants require the Distributors to process all transactions through a hand held computer it provides to them.  The hand held computer controls the product prices, maintains customer information, and monitors business performance.

40.   Defendants control the named Plaintiff's and members of the Collective Group's opportunities for profit or loss both by controlling wholesale pricing and negotiating retail pricing.  Specifically, Defendants negotiate the sale of its products with major retailers.  The named Plaintiff and members of the Collective Group then deliver the products to store locations per the agreement

12

between Defendants and the retailer.  The named Plaintiff and members of the Collective Group lack discretion as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work.

41.    Distributors' investment in equipment to operate their route is relatively low.  Therefore, many Distributors use their personal vehicles and a trailer to transport Flowers Foods' products to retailers.  Apart from the purchase of a small trailer, there is no other investment necessary because Defendants provide computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity.  Defendants even arrange for insurance and vehicle financing on behalf of Distributors.  Distributors pay for the insurance through wage deductions.

42.    The distribution job performed by the named Plaintiff and members of the proposed Distributor Collective Group does not require specialized skills.

43.    Because they were misclassified as non-employees, the named Plaintiff and members of the proposed Collective Group were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

13

44.     The named Plaintiff and members of the proposed Collective Group have incurred expenses for equipment, insurance, product loss, product return, and other expenses that Defendants require them to purchase or pay for, or that are necessary for their work.

45.     Distributors work well in excess of fifty (50)hours during a seven-day work week for which neither the named Plaintiff nor, upon information and belief, members of the proposed Collective Group have received overtime premium wages.

46.     During the relevant time period, the named Plaintiff worked in excess of 40 hours every week of the year.  In addition, the named Plaintiff is aware of numerous Distributors who worked 50 hours or more per week on average.

47.     Defendants' mischaracterization of the Distributors as independent contractors, the concealment or non-disclosure of the true nature of the relationship between Defendants and the Distributors, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendants which this Court should enjoin.

## VI.  CAUSE(S) OF ACTION

### COUNT I

FAILURE TO PAY OVERTIME
TO THE PLAINTIFFS INDIVIUALLY AND ON BEHALF OF THE

## COLLECTIVE GROUP
### FLSA, 29 U.S.C. §§ 201, et seq.

48.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

49.     Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

50.     There are no exemptions applicable to the named Plaintiff or to other members of the Collective Group.

51.     For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the portions of United States in which Defendants conduct business.

52.     The named Plaintiff and other members of the Collective Group, either regularly or from time to time, worked more than 40 hours per week but did not receive overtime pay.

53.     Upon information and belief, at all times relevant hereto, Defendants have had annual gross operating revenues well in excess of $500,000.00.

54.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to the named Plaintiff and other members of the Collective Group.

55.     As a result of Defendants' failure to pay overtime premium wages, the named Plaintiff and the other members of the Collective Group were damaged in an amount to be proved at trial.

56.     Therefore, the named Plaintiff demands that he and the other members of the Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest, damages, penalties, and attorneys' fees as provided by law.

## VII.  PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief on behalf of himself, all members of the Collective Action, and all other similarly situated individuals:

a.      That the Court certify the collective group named in the instant suit as an opt-in collective action under 29 U.S.C. § 216(b);

b.     That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

c.     That the Court issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d.     That the Court enjoin the Defendants from committing further violations of the Fair Labor Standards Act;

e.     That the Court award the named Plaintiff and collective group members compensatory damages and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

f.     That the Court award the named Plaintiff and the collective groups reasonable attorney's fees, costs, and expenses;

g.     That the Court order the Defendants to make the named Plaintiff and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

h.     That the Court award the named Plaintiff and the collective group members such additional relief as the interests of justice may require;

i.     That a jury be impaneled to try this cause.

17

Respectfully submitted this the 11th day of May, 2017,

*s/ Kimberly E. Linville*
**KIMBERLY E. LINVILLE** (ASB-7835-K33-P)
**LARRY B. MOORE** (ASB-4345-O74-L)
**IAN MICHAEL BERRY** (ASB-7372-A32-B)
MOORE, BERRY & LINVILLE
211 North Court Street
Florence, Alabama 35630
T: (256) 718-0120
F: (256) 718-0251
E: klinville@mblattorneys.com
    lbmoore@mblattorneys.com
    imberry@mblattorneys.com

*s/ Michael L. Weinman*
**MICHAEL L. WEINMAN** (Tenn. #015074)
WEINMAN THOMAS LAW FIRM
112 S. Liberty Street, Suite 321
P.O. Box 266
Jackson, Tennessee 38302
(731) 423-5565
mike@weinmanthomas.com

*Pro hac vice application pending*

*s/ Michael L. Russell*
**MICHAEL L. RUSSELL** (Tenn. #020268)
**EMILY S. EMMONS** (Tenn. #033281)
GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
(615) 354-1144
mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*Pro hac vice application pending*

18

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands trial by struck jury.

*s/ Kimberly E. Linville*
Of Counsel

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby consent to become a party plaintiff and authorize the prosecution an action against Flowers Foods, Inc. and/or Flowers Baking Company of Birmingham, Inc. to recover any unpaid wages in my name and on my behalf by the above representative Plaintiffs and designate the class representative, Matthew Green, as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I agree to keep counsel for Plaintiffs informed as to my correct mailing address and telephone number

_Matthew Green_

SIGNATURE (Sign Your Name)

_Matthew Green_

(Print Name)

_2504 Oxmoore Blvd Southwest_

(Street Address)

_Huntsville, AL, 35803_

(City, State, Zip)

_256-683-5335 / Greenbm@gmail.com_

(Telephone Number) (E-mail Address) (optional)

### Consent to be Class Representative

As evidenced by my signature below, I, Matthew Green, consent to be class representative in a lawsuit against Flowers Foods, Inc. and/or Flowers Baking Company of Birmingham, Inc. (herein "Flowers") under Section 216(b) of the Fair Labor Standards Act claiming that I and other Distributors working for Flowers were misclassified as independent contractors and seeking unpaid overtime wages.

_____

SIGNATURE (Sign Your Name)

_Matthew Green_

(Print Name)

_2504 Oxmoore Blvd Southwest_

(Street Address)

_Huntsville, AL, 35803_

(City, State, Zip)

_256-683-5385 / greenbm@gmail.com_

(Telephone Number) (E-mail Address) (optional)